J. S27037/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TERRENCE HOLMES, | : | |
| | : | |
| Appellant | : | No. 2453 EDA 2014 |

Appeal from the PCRA Order July 23, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division No(s).: CP-51-CR-1212851-2002

BEFORE: FORD ELLIOTT, P.J.E., STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED JUNE 22, 2015**

Appellant, Terrence Holmes, appeals *pro se* from the order by the Court of Common Pleas of Philadelphia County ("the PCRA court") dated July 23, 2014 dismissing his third petition filed pursuant to the Post Conviction Relief Act[1] ("PCRA") as untimely. We affirm.

Appellant's third PCRA petition follows his April 1, 2005 jury convictions *in absentia* for attempted murder, aggravated assault, firearms not to be carried without a license ("VUFA"), and criminal conspiracy. These charges arose after Appellant shot Maurice Stuart several times in early 2002. N.T. Sentencing, 5/20/05, at 10-11.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

Stuart testified to the following. He blacked out after being shot and woke up in the hospital with "tubes in . . . my nose, in my mouth, and a tube in my side," and received pain medication, including Demerol, during his hospital stay. N.T. Trial, 3/30/05, at 192-93. He did not know how long he was unconscious. *Id.* He first spoke with police two to three weeks after the shooting, and at that point, verbally identified Appellant. *Id.* at 212-13, 221-23. He did not remember speaking with police on February 8, 2002. *Id.* At trial, Stuart again identified Appellant as his attacker. *Id.* at 151-52. The officer who first responded to the shooting also testified Mr. Stuart did not make any statements to the police at that time. *Id.* at 241.

This Court summarized the facts and procedural history of this case as follows:

> While on house arrest with an electronic ankle monitor, Holmes cut off the monitor, absconded, and failed to appear for trial. He was [convicted] by [a] jury *in absentia* . . . on April 1, 2005 . . . of the above-mentioned crimes. On May 20, 2005, the trial court sentenced Holmes *in absentia* to an aggregate term of 20½ to 45 years' imprisonment. [His sentence became final on June 20, 2005.]
>
> On July 8, 2005, Holmes was arrested on a new unrelated case.
>
> \*   \*   \*
>
> . . . Holmes filed a timely PCRA petition seeking reinstatement *nunc pro tunc* of his direct appeal rights. [However,] the court and newly-appointed PCRA counsel agreed that he had 'forfeited any appellate issues since he absconded for trial, did not show up for sentencing, and the police did not pick him up until over 30 days after he

was sentenced.' PCRA Ct. Op., 6/9/2010, at 2. . . . [T]he PCRA court dismissed his petition on January 22, 2007. . . .

*Commonwealth v. Holmes*, 467 EDA 2010 (unpublished memorandum at 2-3) (Pa. Super. Mar. 25, 2011) (footnotes omitted). Appellant subsequently filed an untimely second PCRA petition *pro se*, which the PCRA court dismissed. *Id.* at 7. On appeal, this Court affirmed. *Id.*

Appellant filed a third PCRA petition *pro se* on August 26, 2013. Appellant's Mot. Post Conviction Collateral Relief, 8/26/13. The PCRA court dismissed Appellant's petition on July 23, 2014, for failing to raise a meritorious exception to the time-bar in 42 Pa.C.S. § 9545. Order, 7/23/14. He timely appealed the order of the PCRA court. The court did not order him to comply with Pa.R.A.P. 1925(b).

Appellant raises three issues on appeal. He argues the PCRA court erred in dismissing his petition as untimely because he has discovered previously unknown facts, an exception to the PCRA time-bar pursuant to 42 Pa.C.S. § 9545(b)(1)(ii). Appellant's Brief at 4. He also argues violations of his constitutional rights and ineffectiveness of counsel. *Id.* at 4, 6-10.

Appellant's arguments center around the medical records of his victim. These medical records, he argues, will prove the victim's condition made it impossible for him to speak with a police detective on February 8, 2002, and that the detective therefore lied in order to obtain an arrest warrant. *Id.* at 10. Specifically, he claims the medical records will show the victim "had a

(Tracheotomy down his throat) and was unconscious" due to his injuries. *Id.* at 2. He asserts these facts fall under the PCRA time-bar exception for previously unknown facts because the medical records "[were] never brought to his attention [and] withheld from him," and he first learned of these records on July 11, 2013, from his co-defendant, Keith Alexander. *Id.* at 4. However, Appellant concedes his own "[t]rial counsel . . . knew of these medical records during the first trial." *Id.* at 5.

Appellant also contends his trial and PCRA counsel were ineffective. His trial counsel, he argues, "failed to bring [the victim's medical records] to the Court's attention . . . ." *Id.* at 5. As well, he avers counsel for his first PCRA petition declined to seek out the records. *Id.* He also maintains his trial counsel was ineffective because she "never challenged the false arrest warrant." *Id.* at 10. He claims that the time limits of the PCRA are unconstitutional. *Id.* at 6-10. We hold Appellant is due no relief.

"[O]ur standard of review of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." *Commonwealth v. Wilson*, 824 A.2d 331, 333 (Pa. Super. 2003) (*en banc*). To determine whether, as a matter of law, the PCRA court properly dismissed Appellant's petition, we rely on *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, (Pa. 2008). There, the Supreme Court held,

> the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not

> address the merits of the issues raised in a petition if it is not timely filed. It is the petitioner's burden to allege and prove that one of the [three] timeliness exceptions applies.

*Id.* at 1267-68 (citations omitted). When an exception does not apply, "[a]ny [PCRA] petition . . . , including a second or subsequent petition," must be filed within a year of a petitioner's judgement becoming final. 42 Pa.C.S. § 9545(b)(1). "For purposes of [the PCRA], a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

When arguing one of the three exceptions to the timeliness requirement, a person must file a petition within sixty days of learning he or she has a claim arising from one of the exceptions. 42 Pa.C.S. § 9545(b)(2). To successfully argue an exception under subsection (b)(1)(ii) of 42 Pa.C.S. § 9545,

> two components . . . must be alleged and proved. Namely, the petitioner must establish that: 1) "the *facts* upon which the claim was predicated were *unknown*" and 2) "could not have been ascertained by the exercise of *due diligence*." If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

*Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007) (quoting 42 Pa.C.S. § 9545(b)(1)(ii)).

Appellant filed the PCRA petition at issue here more than one year after his sentence became final. **See Holmes**, 467 EDA 2010, at 2-3. Complying with the sixty-day rule of 42 Pa.C.S. § 9545(b)(2), Appellant filed his petition soon after being told of the victim's medical records. Appellant's Brief at 4. However, Appellant failed to establish a previously unknown fact as required by 42 Pa.C.S. § 9545(b)(1)(ii). **See Bennett**, 930 A.2d at 1272. Appellant's counsel knew of Stewart's medical records, and the victim elicited his medical condition and treatment at trial in 2005. **See** Appellant's Brief at 5; N.T. Trial, 3/30/05, at 192-93, 212-13, and 221-23. Because he absconded from trial, Appellant may not have had *personal* knowledge of the victim's medical records; however, his former fugitive status affords him no special treatment. **See Commonwealth v. Deemer**, 705 A.2d 827, 829 (Pa. 1997) ("[A] returned fugitive should not benefit from his fugitive status. Courts should not take extraordinary measures . . . in order to accommodate fugitives who have now returned and wish to pursue post-trial measures.").[2]

After reviewing the evidence of record, we find no error of law in the PCRA court's reasoning. **See Wilson**, 824 A.2d at 333. Because Appellant has not successfully invoked an exception to the timeliness requirements of

---

[2] We note that even if Appellant pleaded and proved one of the three timeliness exceptions, Appellant is arguably not eligible for relief. **See generally Commonwealth v. Judge**, 797 A.2d 250, 259-60 (Pa. 2002) (holding defendant ineligible for PCRA relief because he failed "to demonstrate that any of his assertions of error in his PCRA Petition . . . have not been waived by his flight." (citations omitted)).

the PCRA, the PCRA court correctly held it lacked jurisdiction to reach the merits of Appellant's other arguments. ***See Abu-Jamal***, 941 A.2d at 1267-68. Accordingly, we affirm the order below.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/22/2015